# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMETRIUS N. PITTS, #65755-060,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 22-cv-00026-JPG |
| ) | |
| **M. BAGWELL,** ) | |
| **E. HARBISON,** ) | |
| **L. BROOKS,** ) | |
| **R. PASS,** ) | |
| **DAN SPROUL,** ) | |
| **J. LECLAIR,** ) | |
| **and C. DAVIS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Demetrius Pitts, an inmate in the custody of the Federal Bureau of Prisons ("FBOP") and housed at the United States Penitentiary in Marion, Illinois ("USP-Marion"), brings this action for Eighth Amendment violations arising from medical and dental care by officials at USP-Marion pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1-1, pp. 2-7). He also brings claims against these officials for medical malpractice, negligence, civil conspiracy, and intentional infliction of emotional distress under Illinois law. (*Id.*). Pitts seeks declaratory, monetary, and injunctive relief in the form of a preliminary and permanent injunction requiring the defendants to provide him with medical and dental care for his illnesses. (*Id.*).

Pitts filed his Complaint in state court. (Doc. 1-1). Defendants removed the case to federal court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and the Westfall Act, 28 U.S.C. § 2679. (Doc. 1). As discussed below, the Court finds that removal is proper.

1

The Complaint is also subject to preliminary review under 28 U.S.C. § 1915A.  *See Whiteside v. Hill, et al.*, No. 21-cv-00806-JPG, 2022 WL 970586 (S.D. Ill. March 31, 2022) (conducting preliminary review of removed complaint under 28 U.S.C. § 1915A).  Section 1915A requires the Court to screen prisoner complaints to filter out non-meritorious claims.  28 U.S.C. § 1915A(a).  Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The Complaint sets forth the following allegations (Doc. 1-1, pp. 2-7): Demetrius Pitts is a federal inmate who has been housed in USP-Marion's communications management unit ("CMU") since October 2020.  (*Id*. at 5).  He suffers from a number of chronic health conditions, including, but not limited to, depression, suicidal ideations, anxiety, hypertension, a back injury, a knee injury, foot problems, and acid reflux.  (*Id*.).  When he arrived at the CMU, Pitts sought treatment for all of these conditions from Bagwell, Brooks, and Pass.  (*Id*.).

Pitts' medication for chronic acid reflux was confiscated upon his arrival.  (*Id*. at 5). Without the correct medication, he began spitting up blood.  Brooks eventually provided Pitts with an alternative medication, but it was weaker and ineffective.  (*Id*.).

Pitts suffers from asthma and states that his inhaler was confiscated when he arrived at the facility.  (*Id*. at 5).  He regularly requested a replacement inhaler.  Even so, Bagwell, Pass, and Harbison took almost seven months to secure an inhaler for him.  (*Id*.).

In October and November 2020, Pitts asked a dentist to repair a tooth that he fractured at another facility. (*Id*. at 5). It took more than a month to get a dental appointment. Then, the dentist extracted the tooth, instead of repairing it. (*Id*.).

In November 2020, Pitts requested medicine to relieve constipation. (*Id*. at 5). He offers no information about the response he received to this request. (*Id*.).

Finally, Pitts requested treatment for kidney stones and a broken hand during weekly "Wednesday rounds" made by Sproul, LeClair, and Davis. (*Id*. at 6). Pitts does not indicate when or how many times he made this request, but indicates that the defendants told Pitts, "[W]e'll look into it." (*Id*.). He received no treatment for either condition. (*Id*.).

Pitts asserts that Bagwell, Harbison, Brooks, and Pass simply reached an agreement to deny him medical care to punish him for filing "cop-outs" with the medical department. (*Id*. at 6).

He filed grievances to complain about the denial of medical and dental care, but Case Manager Rushing did not respond to them. (*Id*.). Pitts attempted to file new grievances with Case Manager Simpkins, but Simpkins would not even give him the forms required to do so. (*Id*.).

Based on the allegations, the Court finds it convenient to designate the following enumerated Counts in the *pro se* Complaint:

**Count 1:** Eighth Amendment claim for money damages against Bagwell, Harbison, Brooks, Pass, Sproul, LeClair, and Davis, in their individual capacities pursuant to *Bivens*, for denying Pitts proper acid reflux medicine, an inhaler, and dental care for his broken tooth after being made aware of his numerous health conditions (e.g., broken hand, asthma, kidney stones, acid reflux, fractured tooth, *etc*.) at USP-Marion.

**Count 2:** Eighth Amendment claim for injunctive relief against Bagwell, Harbison, Brooks, Pass, Sproul, LeClair, and Davis, in their official capacities pursuant to *Bivens*, enjoining them from further denial of medical care and requiring them to provide timely medical care for his various illnesses at USP-Marion.

**Count 3:**   Illinois medical malpractice claim for money damages against Brooks, Pass, Harbison, and Bagwell for denying Pitts timely and adequate medical care for his various medical conditions at USP-Marion.

**Count 4:**   Illinois negligence claim for money damages against Brooks, Pass, Harbison, Bagwell, Sproul, LeClair, and Davis for breaching their duty to provide Pitts with medical care for his various medical conditions at USP-Marion.

**Count 5:**   Illinois civil conspiracy claim against Pass, Bagwell, Harbison, and Brooks for reaching an agreement to deny Pitts medical care in retaliation for filing cop-outs to address medical issues at USP-Marion.

**Count 6:**   Illinois intentional infliction of emotional distress claim against Brooks, Pass, Harbison, Bagwell, Sproul, LeClair, and Davis for knowingly and intentionally denying Pitts all medical care at USP-Marion and causing him to suffer extreme and severe emotional distress.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by the Court. Any other claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## Removal

Defendants removed this case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and the Westfall Act, 28 U.S.C. § 2679. (Doc. 1). Pitts filed no objection. Removal is proper.

**A.     Federal Officer Removal – Counts 1 and 2**

To the extent this matter is properly brought under 28 U.S.C. § 1331, Defendants maintain that removal is also proper under 28 U.S.C. § 1442(a)(1). (Doc. 1 at ¶ 12). Section 1331 vests this court with original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C .§ 1331. Defendants are named in connection with two claims for constitutional deprivations brought pursuant to *Bivens*, including an Eighth Amendment

4

claim for money damages against the individual federal agents (Count 1) and an Eighth Amendment claim for injunctive relief against the defendants in their official capacities (Count 2).

Section 1442(a)(1) governs removal of claims against officers of the United States who are sued in their individual or official capacity for acts under color of such office or in the performance of such duties. Both claims arise from allegations of misconduct by these federal officials while they were acting under the color of their office or performance of such duties. The federal officer removal statute governs removal of Counts 1 and 2.

Section 1442(a)(1) provides for removal to the United States District Court embracing the place where the civil action is pending. 28 U.S.C. § 1442(a)(1). This action was originally filed in the Circuit Court for the First Judicial Circuit in Williamson County, Illinois. *See Demetrius M. Pitts v. M. Bagwell, et al.*, Case No. 21-L-146. (Doc. 1 at ¶ 1). Williamson County is located in this federal judicial district. Counts 1 and 2 were properly removed to this court under the federal officer removal statute, and both claims are subject to screening under Section 1915A.

**B.      Removal under Westfall Act – Counts 3 through 6**

The Westfall Act provides for removal of actions commenced in state court to the federal district court "embracing the place in which the action or proceeding is pending." *See Osborn v. Haley*, 549 U.S. 225, 230 (2007) (citing 28 U.S.C. § 2679(d)(2)). The Act amended the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, to require substitution of the United States as a defendant in a tort suit brought against a government employee. *Osborn*, 549 U.S. at 230. It grants federal employees absolute immunity from tort claims arising out of acts undertaken in the course and scope of a federal employee's employment. *Id*. at 230 (citing 28 U.S.C. § 2679(b)(1)). The Act empowers the Attorney General to certify that a federal employee sued for wrongful or negligent conduct "was acting within the scope of his office or employment at the

time of the incident out of which the claim arose," and renders the Attorney General's certification "conclusiv[e] . . . for purposes of removal." *Id*. (citing 28 U.S.C. §§ 2679(b)(1), (d)(1), (2)). Upon such certification, the United States is substituted as the defendant in place of the federal employee, and the employee is dismissed. *Id*. (citing § 2679(d)(2)). The FTCA then governs the tort claims.

This action involves four Illinois tort claims against the defendants for medical malpractice (Count 3), negligence (Count 4), civil conspiracy (Count 5), and intentional infliction of emotional distress (Count 6). Defendants provided proper certification[1] of their employment with the BOP during the relevant time period. (*Id*. at ¶ 3). Defendants also assert that they were acting within the scope and course of their federal office or employment. (*Id*. at ¶¶ 4-8). They properly removed their tort claims to this federal judicial district. Given this, the United States shall be substituted in place of the individual defendants in Counts 3, 4, 5, and 6, and the individual defendants shall be dismissed. Counts 3 through 6 shall proceed as FTCA claims against the United States, and the claims are subject to Section 1915A review.

## Section 1915A Review

### *Bivens* Claims

**A.     Count 1**

The Supreme Court has recognized that "victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980) (citing *Bivens*, 403 U.S. 388 (1971)). Claims have been recognized in only three contexts. *See Carlson*, 446 U.S. 14

---

[1] A United States Attorney may issue the certification in lieu of the Attorney General. *See* 28 C.F.R. § 15.4(a). In the instant case, the United States Attorney delegated this authority to the Chief of the Civil Division, who certified that all Defendants were acting with the scope of their employment at the time of the incidents out of which the claims arose. (Doc. 1-2).

(Eighth Amendment denial of medical care); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment gender discrimination); *Bivens*, 403 U.S. 388 (Fourth Amendment excessive force). The Supreme Court has more recently cautioned courts against expanding this remedy into new contexts absent special circumstances. *Ziglar v. Abbasi*, -- U.S. --, 137 S.Ct. 1843 (2017).

Count 1 involves an Eighth Amendment claim for denial of medical care akin to *Carlson v. Green*, 446 U.S. 14 (1980). In order to proceed with this claim, Pitts must demonstrate that he suffered from a sufficiently serious medical need (an objective standard) and that each defendant responded with deliberate indifference (a subjective standard). *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). The claim cannot proceed without establishing both the objective and subjective components of this claim against each defendant.

1. **Serious Medical Need**

Plaintiff asserts that Bagwell, Harbison, Brooks, Pass, Sproul, LeClair, and Davis denied him medical care for several chronic medical conditions at USP-Marion, including depression (with suicidal ideations), anxiety, hypertension, back pain, knee injuries, foot problems, acid reflux, asthma, constipation, kidney stones, a broken hand, and a fractured tooth. An objectively serious medical need is generally defined as a medical condition that has been diagnosed by a physician as requiring treatment or one that is so obvious that a layperson would recognize the need for treatment. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (citation omitted). Although some of the itemized medical conditions could be objectively serious, Pitts offers little or no information about most of them. He instead leaves the Court guessing which chronic medical condition rose to the level of a serious medical need during the relevant time period. Even at screening, the Court will not engage in this guessing game.

With the exception of his fractured tooth, acid reflux, and asthma, Pitts has failed to adequately describe medical needs that satisfy the objective component of this claim. However, Pitts' fractured tooth, acid reflux, and asthma are sufficiently serious to support an Eighth Amendment claim at screening. *See, e.g., Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) (tooth decay and fractures); *Greeno*, 414 F.3d at 653 (citing *Greeno v. Litscher*, 13 Fed. Appx. 370 (7th Cir. 2001)) (severe heartburn and vomiting); *Board v. Farnham*, 394 F.3d 469 (7th Cir. 2005) (asthma).

### 2. Deliberate Indifference

To satisfy the subjective component of this claim, Pitts must show that each defendant acted with a sufficiently culpable state of mind, *i.e.*, deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference occurs when a prison official knows of and disregards an excessive risk to inmate health. *Id*. at 837. Negligence, medical malpractice, or even gross negligence do not amount to deliberate indifference. *Estelle*, 429 U.S. at 106. Likewise, a "mere disagreement" between the prisoner and his medical provider regarding the best course of treatment does not constitute deliberate indifference. *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996).

With regard to his fractured tooth, Pitts does not adequately allege that a named defendant denied any request for a referral for dental care or treatment. Pitts alleges that he "sought dental treatment from the dentist due to having a cracked tooth," and he waited a month for an appointment. (Doc. 1-1, p. 5). The dentist then extracted his tooth, instead of repairing it. (*Id.*). However, the dentist is not a defendant.

For claims brought pursuant to *Bivens*, such as this, a defendant cannot be liable on the basis of *respondeat superior* or supervisory liability. *Arnett v. Webster*, 658 F.3d 742, 757 (7th

Cir. 2011). "There must be individual participation and involvement by the defendant." *Id*. at 757. The allegations offered in support of the dental claim are insufficient to demonstrate any personal involvement on the part of a named defendant in a constitutional violation. Accordingly, the claim arising from Pitts' fracture tooth shall be dismissed without prejudice.

With regard to acid reflux, Pitts claims that Brooks "eventually" provided him with medication for his condition, but it was much weaker than his previous medication. (Doc. 1-1, p. 5). He continued to spit up blood. (*Id*.). These allegations do not support a claim of deliberate indifference against this defendant, however, because they do not show that Brooks was the cause of any delay in treatment or that he was actually aware that the weaker formulation of his medication did not work. In other words, these allegations also fall short of demonstrating personal involvement by Brooks, or anyone else, in a constitutional deprivation.

With regard to asthma, Pitts sets forth sufficient allegations to support a claim of deliberate indifference against Pass, Bagwell, and Harbison. (Doc. 1-1, p. 5). Pitts alleges that these defendants denied his request for an inhaler for up to seven months at USP-Marion, despite his diagnosis with chronic asthma. (*Id*.). This is enough to articulate a claim against all three individuals. Accordingly, Count 1 shall proceed as an Eighth Amendment claim of deliberate indifference pursuant to *Bivens* against Pass, Bagwell, and Harbison, in their individual capacities, for the delay or denial of medical care for Pitts' asthma, and all other portions of Count 1 shall be dismissed without prejudice against the defendants for failure to state a claim.

**B.     Count 2**

Pitts brings a related claim for injunctive relief against the defendants in their official capacities. (Doc. 1-1, p. 6). He seeks an order requiring the defendants to provide him with "medical care for his numerous illnesses." (*Id*.). He characterizes Count 2 as an "injunctive relief

claim under *Bivens*." (*Id.*). In connection with this claim, Pitts names all seven defendants in their official capacities.

*Bivens* provides an implied *damages* remedy against a federal agent in his or her *individual* capacity. Even so, the Court will not dismiss this request for injunctive relief in Count 2. Pitts is a *pro se* plaintiff, and his pleadings are liberally construed at this early stage. *Rodriguez*, 577 F.3d at 821.

He has been allowed to proceed with his *Bivens* claim in Count 1 against three individual defendants who allegedly denied or delayed treatment for his asthma: Pass, Bagwell, and Harbison. That claim survived screening based on allegations that a constitutional injury arose out of the action of the individual federal agents—regardless of the nature of relief sought. *Bunn v. Conley*, 309 F.3d 1002, 1008 (7th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 851 (1994) (vacating the dismissal of a prisoner's *Bivens* action in which the prisoner sought injunctive relief). All other aspects of the claim were dismissed at screening for failure to state a claim. Count 2 amounts to a request for relief in connection with the preceding claim--an Eighth Amendment claim for inadequate treatment of asthma

This Eighth Amendment claim gives rise to general federal question jurisdiction under 28 U.S.C. § 1331. *See, e.g., Bolden v. Federal Bureau of Prisons*, No. 14-cv-103-WTL-MJD, 2015 WL 74080 (S.D. Ind. Jan. 6, 2015) (federal court had subject matter jurisdiction over prisoner's Eighth Amendment deliberate indifference to medical needs claim for equitable relief under 28 U.S.C. § 1331 even where he failed to bring claim pursuant to *Bivens* or FTCA). Section 1331 vests this court with equitable powers that include the authority to issue an injunction in appropriate cases. *See Bell v. Hood*, 327 U.S. 678, 684 (1946) (when a federally protected right has been invaded, "it has been the rule from the beginning that courts will be alert to adjust their

remedies so as to grant the necessary relief") (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 162-63 (1803)). *See also Bivens*, 403 U.S. at 402-03 (Harlan, J., concurring) (if "a general grant of jurisdiction to the federal courts by Congress is thought adequate to empower a federal court to grant equitable relief for all areas of subject-matter jurisdiction enumerated therein, [*see* 28 U.S.C. § 1331], then . . . the same statute is sufficient to empower a federal court to grant a traditional remedy at law."). To the extent he wishes to proceed with a request for injunctive relief in connection with his Eighth Amendment claim, Pitts shall be allowed to do so for now.

However, the appropriate individual for carrying out such relief is generally a single high-ranking officer who can implement any injunctive relief ordered by the Court—typically, the current warden, in his or her official capacity. Therefore, the Clerk of Court shall be directed to add the current warden of USP-Marion as a defendant, in his or her official capacity only, for purposes of implementing any injunctive relief awarded in Count 2, and this claim shall be dismissed against the seven defendants, in their official capacities.

### FTCA Claims

The FTCA allows civil actions for money damages against the United States for personal injury or death caused by the negligent or wrongful act or omission of any Government employee while acting within the scope of his or her office or employment. *See* 28 U.S.C. § 1346(b)(1). The FTCA claim in this case arises from the denial of treatment for Pitt's asthma.

Allegations offered in support of claims stemming from all other medical conditions are insufficient to state a claim under the standards set forth in Federal Rule of Civil Procedure 8 and *Twombly*. Pitts sets forth a string of medical conditions, the names of various defendants, and bald assertions that the defendants failed to treat the conditions. (Doc. 1-1, pp. 5-6). These threadbare allegations provide no basis for any claim—including an FTCA claim—under Rule 8 or *Twombly*.

11

Accordingly, the focus of the below discussion is on FTCA claims arising from the denial of treatment for Pitts' asthma.

When considering an FTCA claim, the Court looks to the law of the state where the misconduct occurred. *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013) (court considering an FTCA claim looks to the state tort law of the state where the tortious conduct occurred). In this case, the alleged misconduct occurred in Illinois. Therefore, these claim are analyzed under Illinois state law.

**A.     Count 3**

An Illinois medical malpractice claim must be supported by an affidavit stating that "there is a reasonable and meritorious cause" for litigation of the claim, and it must be supported by a physician's report that complies with the requirements of 735 ILCS § 5/2-622. Pitts did not submit an affidavit or report with his Complaint. This omission is not dispositive of the claim at screening. *See Young v. United States*, 942 F.3d 349 (7th Cir. 2019). However, the claim will not survive summary judgment, unless he complies with this requirement by filing the appropriate affidavit or certificate of merit along with a physician's report. Count 3 survives screening against the United States for medical malpractice stemming from the denial of Pitts' care for asthma at USP-Marion.

**B.     Count 4**

In Count 4, Pitts claims the denial of medical care for his asthma also constituted negligence.[2] In order to state a claim for negligence under Illinois state law, a complaint must allege facts to establish that the defendant owed him a duty of care, breached that duty, and that

---

[2] Illinois courts have held that Section 2-622 applies to negligence by a medical provider as well as medical malpractice. *See, e.g., Hutton v. Holy Cross Hosp.*, 2012 WL 6965235, at *4-5 (Ill. App. 1, Dist. 2012) (citing 735 ILCS § 5/2-622 (West 2010)) (affirming dismissal of third amended complaint for failure to support medical negligence claim with Section 2-622 affidavit and for failure to allege sufficient facts to state claim under Section 2-615).

the breach was the proximate cause of his injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011). He asserts that Bagwell, Pass, and Harbison had a duty to provide him with medical care while in custody, breached that duty, and caused his injuries. Accordingly, Count 4 shall proceed as an FTCA claim against the United States arising from the negligent failure to treat Pitts' asthma, and this claim is also subject to compliance with Section 2-622.

**C.    Count 5**

In Count 5, Pitts brings an FTCA claim for a civil conspiracy among the named federal officials. In order to prevail on this claim under Illinois law, a plaintiff must demonstrate: "(1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 509 (7th Cir. 2007) (citing *McClure v. Owens Corning Fiberglas Corp.*, 720 N.E.2d 242, 258 (Ill. 1999)). Pitts maintains that Bagwell, Pass, and Harbison agreed to delay or deny his requests for an asthma inhaler for almost seven months, that such conduct was unlawful, and that he suffered injuries and pain as a result. The allegations support an FTCA claim against the United States based on civil conspiracy at screening, so Count 5 shall receive further review.

**D.    Count 6**

In Count 6, Pitts maintains that the denial of medical care for his asthma at USP-Marion caused the intentional infliction of emotional distress. To proceed with this claim under the FTCA, he must show that the BOP officials acted in an extreme and outrageous way, intended to inflict severe emotional distress or knew of the high probability that it would occur, and caused the plaintiff to suffer from severe emotional distress. *See Doe v. Calumet City*, 641 N.E.2d 498, 506-

07 (Ill. 1994) (citing Restatement (Second) of Torts § 46, comment d (1965)). Pitts allegedly suffered extreme feelings of depression (with suicidal ideations) and anxiety that intensified when he was denied medical care for his asthma over the course of seven months at USP-Marion. Given these allegations, Count 6 shall also receive further review as an FTCA claim against the United States arising from the intentional infliction of emotional distress.

### Interim Relief

In his request for relief, Pitts seeks a preliminary and permanent injunction requiring BOP officials to provide him with appropriate medical care. (Doc. 1-1, p. 7). The Court will take up his request for a preliminary injunction at this time.

When deciding whether to issue a preliminary injunction, the Court must determine whether the plaintiff has demonstrated that (1) he will suffer irreparable harm if he does not obtain the requested relief; (2) traditional legal remedies are inadequate; and (3) he has some likelihood of prevailing on the merits of his claim. *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). If Plaintiff makes this showing, the court must balance the harm to Plaintiff caused by denying the preliminary injunction with the harm to Defendants caused by granting relief. *Mays v. Dart*, 974 F.3d at 818. The court takes a "sliding scale" approach when balancing these harms; the more likely the plaintiff is to win on the merits, the less the balance of harm needs to weigh in his favor. *Id*. (citing *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)).

Pitts generally seeks medical care for all of his conditions. However, he seeks no relief that is targeted at his asthma. On the contrary, he alleges that Bagwell, Pass, and Harbison eventually provided him with access to an inhaler. (*See* Doc. 1-1, pp. 5-6). He sets forth no

14

allegations suggesting that he will suffer irreparable harm without additional interim relief addressing his asthma. Accordingly, his request for a preliminary injunction is **DENIED.**

Pitts is free to file a new motion for a temporary restraining order and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65, if interim relief becomes necessary during the pending action. He may file a motion at any time. In the motion, Pitts should describe the exact relief he needs and set forth the facts that support his request for relief. Because his request for permanent injunctive relief remains, the Court will direct the Clerk's Office to **ADD** the **CURRENT WARDEN** of **USP-MARION (official capacity only)** for purposes of carrying out any injunctive relief ordered herein.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1-1) was properly removed to this Court and survives preliminary review under 28 U.S.C. § 1915A, as follows:

- **COUNT 1** will proceed as a claim for money damages against Defendants **BAGWELL, HARBISON**, and **PASS**, in their individual capacities, for delaying or denying Pitts medical care for his asthma in violation of the Eighth Amendment and pursuant to *Bivens*.

- **COUNT 2** will proceed as a claim for injunctive relief made in connection with Pitts' asthma against the **CURRENT WARDEN of USP-MARION**, in his or her official capacity, pursuant to 28 U.S.C. § 1331. This claim is **DISMISSED** without prejudice against **ALL OTHER DEFENDANTS**, in their official capacities.

- **COUNTS 3, 4, 5,** and **6** will proceed against Defendant **UNITED STATES** as claims brought pursuant to the Federal Tort Claims Act all arising from inadequate treatment of Pitts' asthma. The **UNITED STATES** is **SUBSTITUTED** as a defendant in place of **ALL OTHER DEFENDANTS** named in connection with these claims, and **COUNTS 3, 4, 5,** and **6** are **DISMISSED** with prejudice against **ALL OTHER DEFENDANTS**.

**The Clerk of Court is DIRECTED to ADD the CURRENT WARDEN OF USP – MARION (official capacity only) as a defendant in CM/ECF in connection with Count 2; ADD the UNITED STATES as a defendant in connection with Counts 3, 4, 5, and 6; and**

15

**ENTER the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that Pitts' Motion for Order that Jailers Do Not Open Mail (Doc. 6) is **DENIED without prejudice**. Pitts suggests that "Jailers" have interfered with his incoming and outgoing mail, but he names no "jailers" in particular, cites no specific example of mail interference, and does not indicate when or how often the interference has occurred.  (*Id.*).

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **BAGWELL, HARBISON, PASS,** in their individual capacities, the **CURRENT WARDEN of USP-MARION**, in his or her official capacity only, and the **UNITED STATES**; the Clerk shall issue the completed summons.  The United States Marshals **SHALL** serve Defendants **BAGWELL, HARBISON, PASS, USP-MARION'S CURRENT WARDEN**, and the **UNITED STATES** pursuant to Fed. R. Civ. P. 4(e).  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Fed. R. Civ. P. 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint, and this Memorandum and Order.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Admin. Order No. 244, Defendants need only respond to the issues stated in this Order**.

16

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed without payment of fees was granted by the state court. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  4/20/2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.