**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DEMETRIUS N. PITTS, #65755-060,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22-cv-00026-JPG** |
| | ) | |
| **M. BAGWELL,** | ) | |
| **E. HARBISON,** | ) | |
| **R. PASS,** | ) | |
| **USA and CURRENT WARDEN** | ) | |
| **OF USP-MARION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for a decision on Defendants' Motions for Summary Judgment on the Issue of Exhaustion of Administrative Remedies. (Docs. 21 and 23). Plaintiff Demetrius Pitts did not file a response in opposition to the motion prior to the deadline. He belatedly filed a response that failed to address any arguments put forth by Defendants in their summary judgment materials. (Doc. 27). Under the circumstances presented, both motions shall be **GRANTED** and this case **DISMISSED**.

### BACKGROUND

During his incarceration at the United States Penitentiary in Marion, Illinois (USP-Marion), Pitts filed suit in Illinois state court against prison officials who denied him medical care in violation of his rights under federal and state law. (Doc. 1-1, pp. 2-7). He requested declaratory, monetary, and injunctive relief. *Id*. Defendants removed the case to federal court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and the Westfall Act, 28 U.S.C. § 2679. (Doc. 1). Following preliminary review of this matter under 28 U.S.C. § 1915A, the Court allowed

1

Pitts to proceed with an Eighth Amendment claim for money damages against Defendants Bagwell, Harbison, and Pass pursuant to *Bivens* for the delay or denial of medical care for Pitts' asthma (Count 1), an Eighth Amendment claim for injunctive relief against USP-Marion's Warden made in connection with Pitts' asthma claim (Count 2), and four separate FTCA claims against the United States arising from the inadequate treatment of his asthma (Counts 3, 4, 5, and 6).  (Doc. 9).

<u>**MOTIONS FOR SUMMARY JUDGMENT**</u>

Because he was a prisoner when he filed this action, the Prison Litigation Reform Act (PLRA) controls.  *See* 42 U.S.C. 1997e.  Under the PLRA, Pitts was required to exhaust his available administrative remedies before bringing suit.  *Id*.  Defendants Bagwell, Harbison, and Pass ("*Bivens* defendants") and USP-Marion's warden filed for summary judgment on Counts 1 and 2 on the grounds that Pitts failed to exhaust his available administrative remedies prior to suit.  (Doc. 23).  According to these defendants, Pitts took no steps to exhaust his remedies against the *Bivens* defendants or the warden.  Bagwell and Harbison also argue that they are entitled to summary judgment because they are United States public health service employees who are absolutely immune from suit and, alternatively because Pitts has no remedy against the individual defendants following the Supreme Court's decision in *Egbert v. Boule*, 142 S.Ct. 1793 (2022).

Defendant USA filed for summary judgment on Counts 3, 4, 5, and 6 for lack of exhaustion.  (Doc. 21).  According to this defendant, Pitts did not file Standard Form 95 (SF-95) to report his "Claim for Damage, Injury, or Death" before bringing suit under the FTCA.  *Id*.  The Government maintains that his failure to file a fully executed SF-95 bars his claims against the United States under 28 U.S.C. § 2675(a).  *Id*.

**PLAINTIFF'S RESPONSE**

Pitts did not file a timely response in opposition to the summary judgment motions, despite receiving two Rule 56 Notices warning him of the consequences.  (*See* Docs. 22 and 24).  After the response deadline expired, the Court ordered Pitts to show cause why his silence should not be construed as an admission of the facts set forth by the defendants in their summary judgment materials.  (Doc. 25).  Pitts filed a response to the show cause order on the deadline, along with a late Response in opposition to the pending motions that he signed September 13, 2022.  (Docs. 26-27).  Pitts explained that he could not file a timely response to the summary judgment motions because: (1) he did not have funds to send legal mail; (2) he could not obtain more stamps because the prison was on "inventory lockdown;" (3) he mistakenly believed he was only required to send a response to the defendants; and (4) staff threw away much of his legal mail.  (Doc. 26).  In his response to the summary judgment motions, Pitts indicated that he sent the Court all evidence of his efforts to exhaust on October 28, 2021.  (Doc. 27).  However, his incarceration made all other evidence gathering and presentation impossible.  (*Id*.).  He asks the Court to deny summary judgment and allow him to engage in discovery because Defendants' arguments are "weak," and his claims against them under the First, Eighth, and Fourteenth Amendment have merit.  (*Id*.).

**LEGAL STANDARDS**

**A.    Summary Judgment**

Summary judgment is appropriate only if the moving party can show "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Celetex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party has the burden of establishing that no material facts are genuinely disputed.  *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004).  Any doubt about the existence of a genuine issue must be resolved in

3

favor of the nonmoving party.  *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Normally, the court cannot resolve factual disputes on a motion for summary judgment; they must be decided by a jury.  *See, e.g., Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) ("[A] trial is the standard means of resolving factual disputes. . . .").  The opposite is true, however, when the motion for summary judgment pertains to a prisoner's failure to exhaust.  The Seventh Circuit has instructed courts to conduct an evidentiary hearing to resolve contested issues of fact regarding a prisoner's purported failure to exhaust.  *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008); *Wagoner v. Lemmon*, 778 F.3d 586, 590 (7th Cir. 2015); *Roberts*, 745 F.3d at 234.  Where there are no material factual disputes, an evidentiary hearing is not necessary.  *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).  In this case, no hearing is necessary because there are no disputed issues of material fact.

**B.     PLRA**

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions until he exhausts available administrative remedies.  42 U.S.C. § 1997e(a); *Pavey*, 663 F.3d at 903.  The exhaustion requirement applies to state and federal inmates alike. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  As a federal inmate, Plaintiff is subject to the PLRA's exhaustion requirement.

Proper exhaustion is mandatory.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  The Seventh Circuit Court of Appeals demands strict compliance with the exhaustion rules.  *Doe v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).  To properly exhaust, a prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require."  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Woodford*, 548 U.S. at 90.

4

<u>ANALYSIS</u>

**A.      Counts 1 and 2 – *Bivens* Claims**

According to Defendants Bagwell, Harbison, Pass, and UPS-Marion's Warden, the Federal Bureau of Prisons has an administrative remedies process that all inmates may use to "seek formal review of an issue relating to any aspect of his/her own confinement."  (Doc. 23) (citing 28 C.F.R. § 542.10).  Before initiating the formal grievance process, inmates are encouraged to seek informal resolution of their complaint by presenting it to a staff member.  *Id*. (citing 28 C.F.R. § 542.13).  If the attempt at informal resolution is unsuccessful, the inmate may file an initial grievance with the warden within twenty days of the incident by submitting a BP-9.  *Id*. (citing 28 C.F.R. § 542.14).  If the inmate is not satisfied with the disposition of the grievance, he may appeal to the Regional Director using a BP-10.  *Id*. (citing 28 C.F.R. § 542.15).  If this does not resolve the issue, the inmate may appeal to the General Counsel by submitting a BP-11.  *Id*.  The General Counsel has forty days to respond, but this deadline may be extended by twenty days.  *Id*. (citing 28 C.F.R. § 542.18).  After this time expires, the appeal is deemed denied.  *Id*.  Appeal to the General Counsel is considered the final level of the administrative remedies process.  *Id*.

Defendants maintain that Pitts filed no administrative remedy forms to address the events giving rise to Counts 1 and 2.  Pitts does not dispute Defendants' assertion.  This material fact is undisputed.

Pitts states that all proof of his efforts to exhaust are included with his Complaint.  (Docs. 26-27).  A review of these materials reveals no grievance forms and no description of his efforts to exhaust.  The only documents he filed on or around the date mentioned (October 28, 2021) are the Complaint (Doc. 1-1) and Application for Waiver of Fees (*id*.).  (*See* Docs. 26-27).

Pitts also offers no reason for failing to initiate the grievance process before bringing suit. He does not claim that the process was unavailable to him.  He also does not allude to any attempts by staff to thwart his efforts to exhaust administrative remedies.

Pitts instead states that the defendants' motions should be denied because their arguments are "weak," and his claims under the First, Eighth, and Fourteenth Amendments have merit. (Doc. 27).  Pitts was not allowed to proceed with any claims under the First or Fourteenth Amendment, and Court finds that Defendants have put forth sufficient evidence to support their motion for summary judgment on exhaustion grounds.[1]

## B.      Counts 3, 4, 5, and 6 – FTCA Claims

According to Defendant USA, federal inmates may bring suit against the United States under the FTCA for injuries they sustain while incarcerated.  *See Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).  However, an inmate cannot file suit until he presents the claim to the federal agency responsible for the injury, and he receives written denial of the claim.  *Id*; 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111-13 (1993); *Palay*, 349 F.3d at 425. "[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident accompanied by a claim for money damages in a sum certain for . . . personal injury, or death alleged to have occurred by reason of the incident. . . ."  28 C.F.R. § 14.2(a).

Defendant USA asserts that Pitts failed to file the SF-95 before bringing suit.  For his part, Pitts does not dispute this assertion.  By all indications, Pitts had access to the administrative remedies process, including Form SF-95, and simply did not use it.  He offers no reason for failing

---

[1] Having reached this conclusion, the Court need not address the defendants' alternative arguments for summary judgment based on their status as United States public health service employees and based on the Supreme Court's decision in *Egbert*.

to do so.  Pitts' merit-based arguments have no bearing on the pending summary judgment motions.  The United States is also entitled to summary judgment on the issue of exhaustion.

### DISPOSITION

IT IS ORDERED that Defendant USA's motion for summary judgment on the issue of exhaustion (Doc. 21) and Defendants Bagwell, Harbison, Pass, and USP-Marion Warden's motion for summary judgment on the issue of exhaustion (Doc. 23) are GRANTED.  COUNT 1 against BAGWELL, HARBISON, and PASS; COUNT 2 against USP-MARION'S WARDEN, and COUNTS 3, 4, 5, and 6 against USA are DISMISSED without prejudice based on Plaintiff's failure to exhaust his available administrative remedies before bringing suit as required under the Prison Litigation Reform Act.  Because no other claims remain pending, this action is DISMISSED.

The Clerk is DIRECTED to enter judgment accordingly and close this case.

IT IS SO ORDERED.

DATED:  12/1/2022

s/J. Phil Gilbert
J. PHIL GILBERT
United States District Judge